**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**

**v.**                              **Case No. 4:15-cr-00164-02 KGB**

**ELSA SOLIS**                                                                          **DEFENDANT**

## ORDER

Before the Court is defendant Elsa Solis's motion for new trial (Dkt. No. 346).  The government has responded to the motion (Dkt. No. 347).  For the following reasons, the Court denies the motion for new trial.

### I.      Background

On July 12, 2017, Ms. Solis was convicted by a jury of conspiring to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (count one); possession with intent to distribute methamphetamine in violation of §§ 841(a)(1) and 841(b)(1)(A) (count two); and misprison of a felony in violation of 18 U.S.C. § 4 (count three) (Dkt. No. 245).  The Court sentenced Ms. Solis to 235 months of imprisonment on counts one and two and 36 months on count three, with all terms to run concurrently (Dkt. Nos. 295, 296).

Ms. Solis appealed to the United States Court of Appeals for the Eighth Circuit.  She argued that:  (1) the evidence was insufficient to support her convictions; (2) the Fifth Amendment barred her misprison of a felony conviction; and (3) the Court erred by not giving her proposed "mere presence" jury instruction.  *United States v. Solis*, 915 F.3d 1172, 1174 (8th Cir. 2019).  The Eighth Circuit found sufficient evidence to support Ms. Solis's convictions on counts one and two but reversed with instructions to vacate her conviction on count three.

The Eighth Circuit did not reach Ms. Solis's sufficiency of the evidence argument on count three because it held that her conviction for misprision violated her Fifth Amendment privilege against self-incrimination. *Id*. at 1177, 1179. The Eighth Circuit explained that Ms. Solis "both (1) was a co-conspirator in the methamphetamine conspiracy (Count 1); and (2) failed to alert the authorities about that very conspiracy, in violation of the misprision statute (Count 3). At trial the government urged the jury to convict Solis of misprision and conspiracy based on the same conduct. . . . The jury's misprision conviction therefore criminally punished Solis for failing to tell authorities about a crime in which she was already involved." *Id*. at 1177. The court explained that under *Hoffman v. United States*, "it is plain that the government cannot use the misprision statute to require someone to report a crime—an essential element of misprision—where doing so reasonably could lead to that individual's own prosecution." *Id*. (citing *Hoffman v. United States*, 341 U.S. 479, 486 (1951)). Because at the time the government claims she was compelled to report a crime Ms. Solis could have believed that the information reported could have been used as a "link in the chain of evidence needed to prosecute" her for a federal crime, the Eighth Circuit remanded the case with instructions to this Court to "vacate Ms. Solis's conviction on Count 3" and for "further proceedings as deemed necessary by the district court." *Id*. at 1179.

Following remand, the Court held a hearing to discuss the status of the case (Dkt. No. 341). The Court noted that Ms. Solis had raised her Fifth Amendment argument with respect to count three for the first time on appeal. Counsel for both Ms. Solis and the government stated that they did not believe that vacating the sentence on count three affected Ms. Solis's overall sentence. The Court inquired whether any further proceedings were required given the Court of Appeals's finding that charging and convicting Ms. Solis for misprision violated her substantial constitutional right.

At the conclusion of the hearing, the Court offered the parties the opportunity to submit in writing any arguments that they requested the Court consider.

Following the hearing, Ms. Solis moved for a new trial pursuant to Federal Rule of Criminal Procedure 33 (Dkt. No. 345).  In the motion, she argues in pertinent part that:

> 7.      The right against self-incrimination is inapplicable to crimes for which one is not responsible.  Thus, the violation was to Ms. Solis's right to be free from self incrimination on the charges of conspiracy and the trafficking of narcotics.  This occurred by instructing the jury that Ms. Solis had a legal obligation to report crimes in which she was involved, rendering the trial unfair.

> 8.      Granting Ms. Solis a new trial is the only remedy sufficient to purge the violation, and doing so is in the interest of justice.

(Dkt. No. 345, ¶¶ 7, 8).

In response to the motion for new trial, the government, citing *Flowers v. United States*, first argues that "[i]t is possible that [the Court's] consideration of the defendant's motion on the merits is outside the scope of the remand from the Eighth Circuit." (Dkt. No. 347, at 2).  86 F.2d 79, 80 (8th Cir. 1936).  The government contends that, because Ms. Solis's convictions on counts one and two were affirmed and the appellate court remanded with instructions to vacate the conviction on count three and for further proceedings as deemed necessary, "it does not appear that the mandate incorporates entertaining a motion for new trial on the counts that were affirmed on appeal, as the reversal was limited expressly to Count 3 with instructions to vacate that conviction." (*Id*., at 2).  The government urges that the Court is "bound by the affirmances of the convictions on Counts 1 and 2" and should deny the motion for new trial (*Id*., at 2).

The government also argues that the Court should deny the motion for new trial because it is untimely and lacks merit (*Id*., at 1).  The government asserts that any motion for new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilt (*Id*., at 3 (citing Fed. R. Crim. P. 33(b)(2)).  The government points

out that the jury verdict in this matter was announced on July 12, 2017, and, although the deadline is not jurisdictional, "claim processing rules such as Rule 33 'assure relief to a party properly raising them.'" (*Id.* (citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005)). Finally, the government contends that the motion for new trial lacks merit because Ms. Solis has not alleged how the error with respect to count three effected the fairness of her trial on counts one and two (*Id.*, at 4).

## II.      Discussion

### A.      Scope of the Remand

The Court notes the government's argument pursuant to *Flowers v. United States*, 86 F.2d 79, 80 (8th Cir. 1936), that Ms. Solis's motion is outside the scope of the remand (Dkt. No. 347, at 2). The Court will consider Ms. Solis's motion for new trial as within the Eighth Circuit's remand order because, while the Eighth Circuit affirmed Ms. Solis's convictions on counts one and two, it also found an error that violated a substantial right and remanded the case "for further proceedings as deemed necessary by the district court." *Solis*, 915 F.3d at 1177. Accordingly, the Court will consider Ms. Solis's motion for new trial.

### B.      Rule 33

Federal Rule of Criminal Procedure 33(a) provides that, upon the defendant's motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Federal Rule of Criminal Procedure 33(b) sets out the time to file a motion for new trial. It provides that, if the motion is based on newly discovered evidence, it "must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). The Rule also provides that if the motion for new trial is "grounded on any reason other than newly discovered evidence [it] must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).

4

The Court finds that Ms. Solis's motion for new trial is untimely.  In *Eberhart v. United States*, the United States Supreme Court clarified that Rule 33 motions are nonjurisdictional "claim-processing rules" that "assure relief to a party properly raising them."  546 U.S. 12, 19-20 (2005).

In *United States v. Graham*, the Eighth Circuit was confronted with a case where the defendant was convicted of one count of concealing assets in a bankruptcy case and three separate counts of making a false statement in a bankruptcy case.  97 F.3d 1145, 1146 (8th Cir. 1996). Before the district court, the defendant moved to dismiss two of the three false statement counts on the ground that they were multiplicitous.  *Id.*  The district court denied the motion, and the defendant was found guilty on two counts of knowingly and fraudulently making false statements and was sentenced to 30 months of imprisonment on each count, to run concurrently.  *Id.*

Defendant Graham appealed arguing that the district court erred in denying his motion to dismiss, and the Eighth Circuit agreed with his multiplicity argument.  *Id.*  In its opinion remanding the case the Eighth Circuit wrote, "Graham's convictions are reversed and vacated.  This case is remanded to the district court with directions to order the government to elect which § 152 count of conviction it wishes to leave in effect, after which the district court must resentence the defendant."  *Id.* (quoting *United States v. Graham*, 60 F.3d 463, 469 (8th Cir. 1995)).

On remand, the government moved to dismiss one of the two counts of making a false statement under § 152 on which Mr. Graham was found guilty.  The district court granted the motion, and Mr. Graham moved for a new trial raising the argument for the first time that the court erred by failing to instruct the jury that materiality is an element of a § 152 false statement offense. The district court denied the motion on the ground, among others, that Mr. Graham's new trial motion was procedurally barred in the light of the court's limited remand.  *Id.*  The district court

sentenced Mr. Graham to 30 months of imprisonment on the sole remaining count, the same sentence it originally imposed.  *Id*.  The district court entered an amended judgment, and Mr. Graham appealed arguing that the district court erred by denying his motion for a new trial on the grounds that the jury should have been instructed on materiality.  He argued that his motion was not procedurally barred because he filed the motion in a "timely fashion as measured from the point where the District Court ruled on which count he would stand convicted of."  *Id*. at 1146-47. The Eighth Circuit held that the district court did not err in denying Mr. Graham's motion for new trial as untimely, and it declined to address the merits of Mr. Graham's argument.  *Id*. at 1147.

The Court of Appeals rejected Mr. Graham's argument that his motion was timely filed because:

> under Rule 33, defendant had seven days after the jury's guilty verdict to file his motion for a new trial or to obtain an extension of time in which to file.. . . our limited remand conditionally vacated defendant's convictions—or, in other words, set aside the judgment—for the purpose of allowing the government to elect which count to dismiss and which count to "leave in effect."  *Graham*, 60 F.3d at 469. We did not set aside the jury's verdict or findings of guilt.  Therefore, our limited remand did not impact the operation of Rule 33 in the present case.

*Id*.

Like Mr. Graham, Ms. Solis does not move for a new trial based on newly discovered evidence.  Further, she does not assert that a date other than the date of her conviction should apply in her case to start the time for filing a motion under Rule 33.  Similar to the circumstances in *Graham*, here the Eighth Circuit ordered a limited remand for this Court to vacate Ms. Solis's misprison of a felony conviction.  The Eighth Circuit did not set aside the jury's verdict or finding of guilt as to counts one or two.  Accordingly, the time for Ms. Solis to file a motion for new trial under Rule 33 began running when the jury found her guilty, and Ms. Solis's motion for new trial filed over two years later is untimely.

6

Even if Ms. Solis's motion for new trial was timely, the motion must be denied.  A district court has broad discretion in determining whether to grant a new trial under Rule 33.   In considering a motion for new trial, a district court may weigh the evidence, judge the credibility of witnesses, and grant a new trial even if the verdict is supported by substantial evidence.  *United States v. Amaya*, 731 F.3d 761, 764 (8th Cir. 2013) (quoting *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002)).  Nevertheless, the court's discretion to grant a new trial is not unlimited, and the authority granted to district courts under Rule 33 must be exercised "sparingly and with caution."  *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)); *see also Amaya*, 731 F.3d at 764.  "Unless the district court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand."  *Id*. (citing *United States v. Lacey*, 219 F.3d 779, 783 (8th Cir. 2000)).

When considering whether a new trial is in the interest of justice, the district court must "balance the alleged errors against the record as a whole and evaluate the fairness of the trial." *United States v. McBride*, 862 F.2d 1316, 1319 (8th Cir. 1988).   "A defendant's failure to object to an alleged error generally precludes him from asserting the claimed error in a motion for new trial."  *Id*. (citing *United States v. Jones*, 404 F. Supp. 529, 539 (E.D. Pa. 1975), *aff'd*, 538 F.2d 321 (3d Cir. 1976)).  In appropriate circumstances, however, trial errors may be raised as plain error when an "error that has affected a defendant's substantial rights, resulting in a miscarriage of justice."  *Id*. (citing *United States v. Anderson*, 654 F.2d 1264, 1268 (8th Cir.), *cert. denied*, 454 U.S. 1127 (1981)).

The Eighth Circuit held that it was error to charge and convict Ms. Solis on the misprison of a felony count because it violated her substantive Fifth Amendment right.  The court reasoned that Ms. Solis could have thought, at the time the government alleges she was required to report a

crime, that reporting the crime could have led to her own conviction.   The question for the Court is whether this error resulted in her convictions on counts one and two being a miscarriage of justice.

Ms. Solis claims that the Court instructing the jury that Ms. Solis had a legal obligation to report crimes in which she was involved rendered the trial "unfair" (Dkt. No. 345, ¶ 7).  The Court has reviewed the testimony offered at trial and considered the credibility of the witnesses.  Ms. Solis did not testify, and the defense did not call any witnesses in its defense.  Drug Enforcement Administration and local law enforcement officers testified in pertinent part as to counts one and two that Ms. Solis allowed her house to be used to receive drugs and store money; she allowed her vehicles to be used for drug deals; she purchased acetone knowing it would be used to purify methamphetamine; she accompanied her boyfriend and co-defendant, Ivan Pedraza, to Dallas knowing that he would purchase methamphetamine; she allowed her children's car seats, to which she had access, to be used to store methamphetamine; and she carried drug proceeds in her purse (Dkt. Nos. 241; 285, at 48-130; 286, at 152-300).  The jury was instructed that it was to "consider each count separately, and return a separate verdict for each count." (Dkt. No. 243, at 9).   The Court is not aware of any evidence, and Ms. Solis has not come forward with any evidence, from which it could find that the jury failed to follow these instructions.

The Court finds that Ms. Solis was convicted on counts one and two based on credible evidence.  Ms. Solis has not identified an error from which the Court can conclude that her convictions on counts one and two are a miscarriage of justice.  Accordingly, the Court denies her motion for new trial.

III.     **Conclusion**

The Court denies Ms. Solis's motion for new trial (Dkt. No. 345).  The Court vacates Ms. Solis's conviction on count three.  The conviction on count three did not affect the guideline calculation nor the Court's ultimate determination of Ms. Solis's sentences on counts one and two based on all of the factors to be considered pursuant to 18 U.S.C. § 3553(a).  Therefore, the Court is not required to hold a new sentencing hearing.

It is so ordered this 14th day of December, 2020.

_____
Kristine G. Baker
United States District Judge